UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **CHARNITA PROCTOR,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 1:20-cv-02162 |
| vs. | ) | |
| | ) | |
| **FIRST PREMIER** | ) | |
| **CORPORATION,** *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

### DEFENDANT KOHL'S, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant Kohl's Corporation, properly known as Kohl's, Inc. ("Kohl's"), by and through its undersigned counsel, hereby answers the Complaint of Plaintiff Charnita Proctor ("Plaintiff"), stating as follows:

#### PRELIMINARY STATEMENT

1. Kohl's admits that Plaintiff purports to assert claims for violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA"), and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. ("FDCPA"). Kohl's denies that it committed any wrongdoing, denies Plaintiff is entitled to any damages, relief or award whatsoever, and demands strict proof thereof.

#### PARTIES TO ACTION

2. Kohl's is without sufficient knowledge or information to form a belief as to the truth of the allegations contained Paragraph 2 of the Complaint; therefore, Kohl's denies the allegations and demands strict proof thereof.

3. Kohl's is without sufficient knowledge or information to form a belief as to the truth of the allegations contained Paragraph 3 of the Complaint; therefore, Kohl's denies the allegations and demands strict proof thereof.

4. Kohl's admits the allegations contained in Paragraph 4 of the Complaint.

5. Kohl's is without sufficient knowledge or information to form a belief as to the truth of the allegations contained Paragraph 5 of the Complaint; therefore, Kohl's denies the allegations and demands strict proof thereof.

6. Kohl's is without sufficient knowledge or information to form a belief as to the truth of the allegations contained Paragraph 6 of the Complaint; therefore, Kohl's denies the allegations and demands strict proof thereof.

7. Kohl's is without sufficient knowledge or information to form a belief as to the truth of the allegations contained Paragraph 7 of the Complaint; therefore, Kohl's denies the allegations and demands strict proof thereof.

8. Kohl's is without sufficient knowledge or information to form a belief as to the truth of the allegations contained Paragraph 8 of the Complaint; therefore, Kohl's denies the allegations and demands strict proof thereof.

9. Kohl's is without sufficient knowledge or information to form a belief as to the truth of the allegations contained Paragraph 9 of the Complaint; therefore, Kohl's denies the allegations and demands strict proof thereof.

10. Kohl's is without sufficient knowledge or information to form a belief as to the truth of the allegations contained Paragraph 10 of the Complaint; therefore, Kohl's denies the allegations and demands strict proof thereof.

## FACTUAL ALLEGATIONS

11. Kohl's denies the allegations contained in Paragraph 11 of the Complaint as directed toward Kohl's, and demands strict proof thereof.

12. The allegations contained in Paragraph 12 of the Complaint relate to another party to which no response is required. To the extent a response is required, Kohl's is without sufficient knowledge or information to form a belief as to the truth of the allegations, and therefore denies the same and demands strict proof thereof.

13. Kohl's admits only that Plaintiff's credit card account with Kohl's is charged off with a balance of $398, and that it reported the account as such. Kohl's denies the remaining allegations contained in Paragraph 13 of the Complaint and demands strict proof thereof.

14. The allegations contained in Paragraph 14 of the Complaint relate to another party to which no response is required. To the extent a response is required, Kohl's is without sufficient knowledge or information to form a belief as to the truth of the allegations, and therefore denies the same and demands strict proof thereof.

15. The allegations contained in Paragraph 15 of the Complaint relate to another party to which no response is required. To the extent a response is required, Kohl's is without sufficient knowledge or information to form a belief as to the truth of the allegations, and therefore denies the same and demands strict proof thereof.

16. The allegations contained in Paragraph 16 of the Complaint relate to another party to which no response is required. To the extent a response is required, Kohl's is without sufficient knowledge or information to form a belief as to the truth of the allegations, and therefore denies the same and demands strict proof thereof.

17. The allegations contained in Paragraph 17 of the Complaint relate to another party to which no response is required. To the extent a response is required, Kohl's is without sufficient knowledge or information to form a belief as to the truth of the allegations, and therefore denies the same and demands strict proof thereof.

18. The allegations contained in Paragraph 18 of the Complaint relate to another party to which no response is required. To the extent a response is required, Kohl's is without sufficient knowledge or information to form a belief as to the truth of the allegations, and therefore denies the same and demands strict proof thereof.

19. The allegations contained in Paragraph 19 of the Complaint relate to another party to which no response is required. To the extent a response is required, Kohl's is without sufficient knowledge or information to form a belief as to the truth of the allegations, and therefore denies the same and demands strict proof thereof.

## COUNT ONE: VIOLATION(S) OF FCRA

20. Kohl's hereby repeats, realleges, and incorporates the foregoing paragraphs as if fully set forth herein.

21. Kohl's is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 21 of the Complaint regarding Plaintiff's communications with any CRAs, and therefore denies the same and demands strict proof thereof.

22. Kohl's admits that it received notice of a dispute regarding Plaintiff's account from certain of the CRAs within the two years preceding filing of Plaintiff's Complaint, but states that it is unclear to which of these disputes Plaintiff's Complaint relates. To the extent the allegations contained in Paragraph 22 of the Complaint are intended to stand for additional propositions, Kohl's denies these allegations and demands strict proof thereof.

23. Kohl's believes the allegations contained in Paragraph 23 of the Complaint as directed toward Kohl's call for a legal conclusion to which no response is required. To the extent a response is required, Kohl's states that the FCRA speaks for itself, and denies any inconsistent allegations.

24. Kohl's denies the allegations contained in Paragraph 24 of the Complaint as directed toward Kohl's and demands strict proof thereof.

25. Kohl's denies the allegations contained in Paragraph 25 of the Complaint as directed toward Kohl's and demands strict proof thereof.

26. Kohl's denies the allegations contained in Paragraph 26 of the Complaint as directed toward Kohl's and demands strict proof thereof.

27. Kohl's denies the allegations contained in Paragraph 27 of the Complaint as directed toward Kohl's and demands strict proof thereof.

28. Kohl's denies the allegations contained in Paragraph 28 of the Complaint as directed toward Kohl's and demands strict proof thereof.

29. Kohl's denies the allegations contained in Paragraph 29 of the Complaint as directed toward Kohl's and demands strict proof thereof.

30. Kohl's denies the allegations contained in Paragraph 30 of the Complaint as directed toward Kohl's and demands strict proof thereof.

31. Kohl's denies the allegations contained in Paragraph 31 of the Complaint as directed toward Kohl's and demands strict proof thereof.

32. Kohl's denies the allegations contained in Paragraph 32 of the Complaint as directed toward Kohl's and demands strict proof thereof.

33. Kohl's denies the allegations contained in Paragraph 33 of the Complaint as directed toward Kohl's and demands strict proof thereof.

34. Kohl's denies the allegations contained in Paragraph 34 of the Complaint as directed toward Kohl's and demands strict proof thereof.

35. Kohl's denies the allegations contained in Paragraph 35 of the Complaint as directed toward Kohl's and demands strict proof thereof.

36. The first and second sentences in Paragraph 36 of the Complaint identify the damages Plaintiff purportedly seeks and contain no factual allegations. As such, no response is required. To the extent a response is required, Defendant denies the same. The third sentence in Paragraph 36 of the Complaint states a legal conclusion, to which no response is required. To the extent a response is required, Defendant strictly denies that it committed any wrongdoing and demands strict proof thereof. Kohl's also denies that Plaintiff is entitled to damages in any amount or any other relief Plaintiff is requesting.

**COUNT ONE: VIOLATION(S) OF FDCPA**

37. Kohl's hereby repeats, realleges and incorporates the foregoing paragraphs as if fully set forth herein.

38. The allegations contained in Paragraph 38 of the Complaint relate to another party to which no response is required. To the extent a response is required, Kohl's is without sufficient knowledge or information to form a belief as to the truth of the allegations, and therefore denies the same and demands strict proof thereof.

39. The allegations contained in Paragraph 39 of the Complaint relate to another party to which no response is required. To the extent a response is required, Kohl's is without

sufficient knowledge or information to form a belief as to the truth of the allegations, and therefore denies the same and demands strict proof thereof.

40. The allegations contained in Paragraph 40 of the Complaint relate to another party to which no response is required. To the extent a response is required, Kohl's is without sufficient knowledge or information to form a belief as to the truth of the allegations, and therefore denies the same and demands strict proof thereof.

41. The allegations contained in Paragraph 41 of the Complaint relate to another party to which no response is required. To the extent a response is required, Kohl's is without sufficient knowledge or information to form a belief as to the truth of the allegations, and therefore denies the same and demands strict proof thereof.

In response to the WHEREFORE paragraph following the Paragraph 41 of the Complaint, Kohl's denies that Plaintiff is entitled to the damages requested or to any judgment, damages, and/or relief from this defendant whatsoever.

## **AFFIRMATIVE DEFENSES**

### **FIRST AFFIRMATIVE DEFENSE**
**(Failure to State a Claim)**

Plaintiff fails to allege facts sufficient to state any cause of action upon which relief can be granted.

### **SECOND AFFIRMATIVE DEFENSE**
**(Lack of Malice)**

Kohl's specifically denies that it acted with any willfulness, oppression, fraud, or malice towards Plaintiff.

### THIRD AFFIRMATIVE DEFENSE
### (Good Faith Compliance with Law)

Kohl's is not liable because it acted in good faith in conformity with applicable rules, regulations, and statutory interpretations.

### FOURTH AFFIRMATIVE DEFENSE
### (Standing)

Some or all of Plaintiff's claims may be barred for lack of standing due to the absence of the requisite injury necessary to possess the requisite standing.

### FIFTH AFFIRMATIVE DEFENSE
### (No Damages Caused by Kohl's)

Plaintiff has not alleged or experienced any actual damages that were caused by Kohl's, or for which Kohl's is liable.

### SIXTH AFFIRMATIVE DEFENSE
### (Lack of Actual Damages)

Plaintiff has not incurred or experienced any actual damages including, but not limited to, mental anguish damages.

### SEVENTH AFFIRMATIVE DEFENSE
### (Lack of Causation)

To the extent Plaintiff has experienced any actual damages, they were the result of a superseding and/or intervening cause, or entities and/or individuals, for which this Defendant is not legally responsible.

### EIGHTH AFFIRMATIVE DEFENSE
### (Punitive Damages)

Plaintiff's Complaint seeks punitive damages. Kohl's pleads and asserts all applicable constitutional, statutory, and common law limitations on punitive damages.  Plaintiff's claim for punitive damages is barred or limited by the provisions of 15 U.S.C. § 1681n.  Kohl's adopts by

reference the defenses, criteria, limitations, standards, and constitutional protections mandated or provided by the United States Supreme Court in the following cases: *BMW v. Gore*, 517 U.S. 559 (1996); *Cooper Indus., Inc. v. Leatherman Tool Grp., Inc.*, 532 U.S. 923 (2001); *State Farm v. Campbell*, 538 U.S. 408 (2003); *Phillip Morris USA v. Williams*, 127 S. Ct. 1057 (2007); and *Exxon Shipping Co. v. Baker*, 168 S. Ct. 265 (2008).

## RESERVATION OF DEFENSES

Kohl's reserves the right to amend its Answer to the Complaint at the completion of permissible factual discovery. To the extent that any of the foregoing allegations in the Complaint have not been expressly admitted or denied, they are hereby denied.

Dated:  August 14, 2020

Respectfully submitted,

**KOHL'S CORPORATION, PROPERLY KNOWN AS KOHL'S INC.**

/s/ Lauren P, McLaughlin
Lauren P. McLaughlin, Esq.
**SMITH, CURRIE & HANCOCK LLP**
1950 Old Gallows Road, Suite 750
Tysons Corner, Virginia 22182
Telephone: 703.506.1990
Facsimile: 703.506.1140
lpmclaughlin@smithcurrie.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 14th day of August 2020, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Jeffrey W. Styles
Washington Legal Group, LLC
1666 K Street, NW, Suite 440
Washington, DC 20006
Telephone: (202) 503-1708
Email: jstyles@washlegal.com

*Counsel for Plaintiff*

Philip T. Evans
Holland & Knight LLP
800 17th Street NW, Suite 1100
Washington, DC 20006
Telephone: (202) 955-3000
Email: philip.evans@hklaw.com

*Counsel for Defendant Merrick Bank Corporation*

Jessica Hepburn Sadler
Ballard Spahr LLP
1909 K Street, NW, 12th Floor
Washington, DC 20006
Telephone: (202) 661-7658
Email: sadlerjh@ballardspahr.com

*Counsel for Defendant CitiGroup, Inc.*

    /s/ Lauren P. McLaughlin