**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **CHARNITA PROCTOR** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No: <u>2020-cv-02162-BAH</u> |
| | ) | |
| **FIRST PREMIER CORPORATION** | ) | |
| | ) | |
| Defendant, | ) | |
| | ) | |
| **KOHLS CORP.** | ) | |
| | ) | |
| Defendant, | ) | |
| | ) | |
| **CREDIT ONE FINANCIAL** | ) | |
| | ) | |
| Defendant, | ) | |
| | ) | |
| **MERRICK BANK CORPORATION** | ) | |
| | ) | |
| Defendant, | ) | |
| | ) | |
| **TD BANK US HOLDING COMPANY** | ) | |
| | ) | |
| Defendant, | ) | |
| | ) | |
| **CITIGROUP INC.** | ) | |
| | ) | |
| Defendant, | ) | |
| | ) | |
| **MIDLAND CREDIT MANAGEMENT, INC.** | ) | |
| | ) | |
| Defendant, | ) | |
| | ) | |
| **FIRST SAVINGS BANK** | ) | |
| | ) | |
| Defendant. | ) | |

**<u>FIRST AMENDED COMPLAINT AND JURY DEMAND</u>**

The Plaintiff, Charnita Proctor, by and thru undersigned counsel, brings this complaint against the defendants and alleges as follows:

1

**PRELIMINARY STATEMENT**

1. This is an action for actual, statutory and punitive damages, costs and attorney's fees pursuant to 15 U.S.C. § 1681 et seq. (Fair Credit Reporting Act or "FCRA") and 15 U.S.C. § 1692 et seq (Fair Debt Collection Practices Act or "FDCPA").

**PARTIES TO ACTION**

2. Plaintiff is a natural person that resided in the District of Columbia during the relevant time periods of this lawsuit.

3. First Premier Bank provides banking services, including credit cards to consumers with subprime credit.

4. Kohl's operates a chain of department stores that sell clothing apparel, housewares and home products. Kohl's also offers online shopping as well as store credit cards.

5. Credit One Financial owns Credit One Bank, N.A., which is a national chartered bank that provides credit cards to individuals with subprime credit.

6. TD Bank US Holding Company operates as a holding company. The Bank, through its subsidiaries, including TD Bank NA and TD Bank USA NA, provides consumer loans, commercial loans, mortgage loans, deposit products, trust services, internet banking, credit cards, insurance, and investment management services.

7. Merrick Bank, a subsidiary of Cardworks, Inc., issues VISA cards and specializes in providing credit to consumers looking to build or rebuild their credit.

8. CitiGroup Inc. operates as a bank that provides an assortment of financial products and services to consumers. Citi has a business arrangement with Sunoco that allowes Sunoco to issue private label credit cards to consumers.

9. Midland Credit Management, Inc. is one of the largest debt collectors in the United States.

10. First Savings Bank is a bank and it issues MasterCard credit card to consumers.

2

## FACTUAL ALLEGATIONS

11. Appearing on Ms. Proctor's credit report with Equifax are 8 inaccurate or incomplete derogatory accounts being reported by the Defendants.

12. First Premier Bank reported that Ms. Proctor paid less than the full balance owed.[1] First Premier Bank's reporting was inaccurate and/or incomplete because she paid the amount owed or *more* than the amount that was owed. Ms. Proctor disputed First Premier Bank's reporting with the credit reporting agencies. However, First Premier Bank did not conduct a reasonable investigation of her dispute and continued reporting the debt inaccurately.

13. Kohl's reported that Ms. Proctor owed $398 and that her account had been charged off. The reported balance was inaccurate and/or incomplete. And the reporting was inaccurate and/or incomplete because it misleadingly gave the impression that Ms. Proctor has a recent charge off, that there are numerous charge offs, and that she exceeded the credit limit. Ms. Proctor disputed the Kohl's account with the CRAs, but Kohl did not conduct a reasonable investigation of her dispute. Even a cursory investigation would have revealed that the reported payment history conflicted with the reported balance and indicated that the balance could not be $398. Further, the status of the account conflicted with the balance. Also, Kohl's failed to report the proper dispute status of the debt.

14. CitiGroup reported Ms. Proctor as having a debt that was charged off and having a current balance of $575. The reporting was inaccurate and/or incomplete because Ms. Proctor was not legally obligated to pay the debt. Further, the payment status conflicted with the reported balance. Ms. Proctor disputed the CitiGroup account with the CRAs, but CitiGroup failed to reasonably investigate her claims.

---

[1] Plaintiff was not provided an agreement or contract that required arbitration of her disputes with or claims against First Premier Bank.

3

15. Merrick Bank reported Ms. Proctor as owing an outstanding balance of $1,058 on a charged off account. Merrick's reporting was inaccurate and/or incomplete because the reported balance was not verifiable. Ms. Proctor directly inquired and/or disputed the balance with Merrick and Merrick did not understand its own records or its records were incomplete or insufficient as Merrick was unable to state how it determined the reported amount. Also, Merrick is inaccurately and/or misleading reporting that there was a very recent charge off on the account and that there are numerous charge offs instead of just a single charge off. Furthermore, the payment status and payment history conflicted with the balance. Ms. Proctor disputed the account with the CRAs, however, Merrick refused to reasonably look into the merits of her claims and falsely reported the information as accurate without actually confirming the accuracy of the information. Additionally, Merrick failed to report the proper dispute status of the debt.

16. First Savings Bank reported Ms. Proctor had a debt of $561 and that the debt had been charged off. First Savings Bank reported no balance to Experian but reported the $561 balance to Trans Union and Equifax. Further, First Savings Bank could not demonstrate how it calculated the amount owed, much less could it verify the accuracy of the claimed amount, in response to a direct inquiry and/or dispute from Ms. Proctor. In fact, First Savings Bank could not even verify that the debt belonged to Ms. Proctor. Ms. Proctor disputed the account with the CRAs. In response to her dispute, First Savings Bank failed to conduct a reasonable investigation and/or failed to accurately report the results of its investigation. On at least one occasion, First Savings Bank failed to report the proper dispute status to the CRA.

17. TD Bank reported a charged off debt that had an outstanding balance of $464. The reporting of the charge off is inaccurate and/or misleading because it is being reported as a recent charge off and there are numerous charge offs being reported instead of one. The reported balance, which conflicted with the balance reported in the payment history, was inaccurate because it was substantially inflated, or the balance included unauthorized amounts. Ms. Proctor

4

made a direct request with Defendant regarding the balance, but it was only able to state that the underlying balance was $172.28 and referred me to a debt collector for further information. However, the debt collector, Financial Recovery Services, was also unable to provide the requested information. Ms. Proctor disputed the account with the CRAs, and TD Bank verified the debt as accurate despite knowing that it did not have the information in its possession to verify the debt amount was accurate. Furthermore, TD Bank did not report the dispute status of the debt.

18.     Credit One Bank reported a debt as a charged off that was paid, but also as sold to another lender. Credit One Bank's reporting was inaccurate and/or incomplete because the Pay Status was inaccurate, the Remarks was inaccurate, and the Account Sale Info was inaccurate. The Pay Status should have stated the debt was Paid. The Remarks should have noted the reporting was still being disputed. And the Account Sale Info was patently inaccurate for the account was paid and there was no debt to be sold to another lender. Ms. Proctor disputed this account with the CRAs. Credit One Bank failed to conduct a reasonable investigation of her dispute and verified the inaccurate information without verifying the information as accurate.

19.     Midland reported four collections that derived from debts with Comenity Bank. The reportings were inaccurate and/or incomplete because Ms. Proctor did not have outstanding balances with Comenity Bank. In fact, Comenity reported two of the four accounts as paid with no outstanding balance to at least one CRA while reporting the accounts with a balance to other CRAs. Ms. Proctor disputed the Midland collections with the CRAs. If Midland had investigated the claims in her dispute, it could have easily determined that no debt existed with Comenity Bank and therefore, Midland did not acquire a debt from Comenity Bank. However, Midland did not investigate the Plaintiff's dispute. Instead, Midland verified its reporting as accurate without looking into the claims raised in the dispute.

5

## COUNT ONE: VIOLATION(S) OF FCRA

20. Plaintiff incorporates paragraphs 1 through 19.

21. Within two years of the filing of this lawsuit, the Plaintiff sent the CRAs written disputes of the accounts reported by the Defendants.

22. After receiving the Plaintiff's disputes, the CRAs forwarded her dispute to the Defendants to investigate.

23. Under the FCRA, 15 U.S.C. §1681s-2(b), the Defendants were required to conduct a reasonable investigation that consisted of a careful inquiry into Plaintiff's dispute.

24. Defendants did not even make a superficial inquiry into Plaintiff's disputes, much less did they conduct a careful and reasonable investigation of Plaintiff's disputes.

25. Defendants' policy is to verify the reported information is consistent with the information in its files regardless of whether its disputed files are accurate or not.

26. Defendants do not have any procedures or they lack adequate procedures to verify their credit reporting files are accurate because the Defendants focuse on limiting the expense of an investigation rather than employing and maintaining reasonable procedures.

27. Defendants would have learned that their files contained inaccurate information if they had performed a careful inquiry of Plaintiff's dispute.

28. Despite the Fourth Circuit's opinion in *Johnson v. MBNA*, the Defendants have not adopted procedures, or they routinely fail to implement procedures, that require their dispute processors to conduct careful, thorough inquiries of disputed information during the investigation of a consumer's dispute.

29. Defendants violated the FCRA, 15 U.S.C. §§ 1681s-2(b)(1)(A)-(E) by failing to fully and properly respond to the Plaintiff's disputes.

30. Defendants violated the FCRA, 15 U.S.C. §§ 1681s-2(b)(1)(D)&(E) by failing to delete or modify the disputed information after they investigated Plaintiff's disputes.

31.     Defendants violated the FCRA, 15 U.S.C. §§ 1681s-2(b)(1)(A)-(D) by failing to notate that Plaintiff continued to dispute the reported information.

32.     Defendants violated the FCRA, 15 U.S.C. §§ 1681s-2(b)(1)(A)-(D) by failing to report any mitigating factors concerning the negative reporting,

33.     Defendants' foregoing violations caused the Plaintiff to experience severe emotional distress (i.e. frustration, humiliation, anger, etc.), which occasionally manifested as physical sickness – headaches, stomach pains, sleeplessness and depression.

34.     Defendants' failure to modify or delete the inaccurate information caused the Plaintiff to lose credit opportunities, damage to reputation, and interference with plaintiff's normal and usual activities

35.     Defendants conduct was not only negligent, but their policies were willful in that the policies were designed to skirt the law because complying with the law would hurt or diminish their profits. Defendants' intentional decision to circumvent the law, was reckless and placed in Defendants in a very high-risk position of violating the FCRA.

36.     Plaintiff is seeking actual damages in the amount of $100,000 pursuant to 15 U.S.C. § 1681o. Plaintiff is also seeking punitive damages in the amount of $500,000 pursuant to 15 U.S.C. § 1681n. Additionally, Plaintiff is entitled to statutory damages of $1,000 and her costs for bringing this action.

## COUNT TWO: VIOLATION(S) OF FDCPA

37.     Plaintiff incorporates paragraphs 1 through 19.

38.     Defendant Midland violated 15 U.S.C. § 1692e(8) by reporting credit information to the CRAs that Midland knew was false. and/or failing to communicate that the disputed debt was disputed.

39.     Defendant Midland violated 15 U.S.C. § 1692e(8) by reporting derogatory credit information to the CRAs without communicating that information was under dispute.

7

40. Defendant's violations caused the Plaintiff to endure damages including credit damage, injury to financial reputation, out-of-pocket costs, mental and emotional distress.

41. Defendant's conduct was the proximate cause of Plaintiff's injuries, rendering Defendants' liable for actual damages in an amount to be determined by the jury pursuant to 15 U.S.C. § 1692k(a)(1), statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A), and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3).

**WHEREFORE**, your Plaintiff demands judgment for actual, statutory and punitive damages against Defendants; for her attorney's fees and costs; for prejudgment and post-judgment interest; and any other relief deemed appropriate by this Court.

Respectfully submitted,

CHARNITA PROCTOR

*/s/ Jeffrey W. Styles*
Jeffrey W. Styles, Esquire
Washington Legal Group, LLC
1666 K Street, NW, Ste #440
Washington, DC 20006
Tel: (202) 503-1708
E-mail: jstyles@washlegal.com

*Counsel for Plaintiff*